578

Morris BRINN

v.

BULL INSULAR LINES, INC.

v.

JARKA CORPORATION OF
PHILADELPHIA.

Morris BRINN

v.

A. H. BULL STEAMSHIP CO. and A. H.
Bull & Co., Inc.

v.

JARKA CORPORATION OF
PHILADELPHIA.

Civ. A. Nos. 25346, 27338.

United States District Court
E. D. Pennsylvania.

Oct. 30, 1961.

Louis Samuel Fine, Philadelphia, Pa.,
for plaintiff.

Krusen, Evans & Byrne, by Joseph P.
Green, Philadelphia, Pa., for Bull Insular
Lines, Inc.

Joseph R. Thompson, by David L. Pennington, Philadelphia, Pa., for Jarka
Corp. of Philadelphia.

WOOD, Judge.

We have been asked to amend our pre-trial order of September 28, 1961, wherein it was provided *inter alia*:

"4. All parties agreed that liability is admitted and the case is to be tried on the issue of the responsible party * * *"

A brief discussion of the problem appears to be warranted although the extensive motions, arguments, and correspondence have far exceeded the importance of the issue involved and is another example of the time the Court must waste on trivial objections by counsel, particularly in maritime cases.

When respective counsel appeared before us at the pre-trial conference, it was stated that the only issue involved in the case was whether the alleged injuries were caused by the acts of the defendant or the third-party defendant. Contributory negligence was not even discussed and, in fact, neither the pre-trial memorandum of the defendant nor the third-party defendant raised that question. A careful examination of the record and depositions, which has taken considerable time of the Court, reflects that it would

have been a complete waste of time as there is nothing to warrant a finding of contributory negligence, let alone interposition of such a defense. Subsequent to our order, counsel for defendant and third-party defendant asked for a further hearing and stated that they had not intended to agree that liability was admitted but only said so in a sort of "without prejudice" position with the hope that settlement might be eventually reached. This was not the interpretation which the Court placed on their statements. Furthermore, the record clearly reveals without any question that plaintiff is entitled to recover and that either defendant or third-party defendant will have to be responsible in damages.

Rule 16 of the Federal Rules of Civil Procedure, 28 U.S.C.A., states *inter alia*:

> "The court shall make an order * * * and which limits the issue for trial to those not disposed of by admissions or agreements of counsel * * *."

█ If the pre-trial procedure is to have any meaningful purpose whatever, it is incumbent on the Court to narrow the issues reasonably and with discretion. In a case such as this where it is completely obvious that this plaintiff is free from contributory negligence; where neither the pre-trial memorandum nor any other documents in the case raised that question; where the parties, facetiously or otherwise, admitted that it was a clear question as to who caused the accident as between defendant and third-party defendant, the issue should and will be narrowed to liability as between defendant and third-party defendant and damages.

Since counsel has objected that we stated in our Order that this was done "by agreement" we will remove that phrase and direct that the trial of the case is limited to those issues by order of the Court. Therefore, our order of September 28, 1961 is amended to read as follows:

"4. The issues in this case are limited to the question of liability of the responsible party as between defendant and third-party defendant on the issue of ownership, control, and maintenance of the strap on the tent and whether or not the defendant or third-party defendant was negligent in causing the injuries to the plaintiff and the damages resulting from such liability."