**LIFE MUSIC, INC., Petitioner,**

v.

**Honorable David N. EDELSTEIN, United States District Judge for the Southern District of New York, Respondent.**

**No. 27791.**

United States Court of Appeals
Second Circuit.

Argued Oct. 15, 1962.

Decided Oct. 30, 1962.

Milton M. Rosenbloom, New York City, for petitioner Life Music, Inc.

Samuel I. Rosenman, New York City (Rosenman, Colin, Kaye, Petschek & Freund, Lawrence R. Eno, Harold S. Levy, New York City, of counsel), for Broadcast Music, Inc.

Bruce Bromley, New York City (Cravath, Swaine & Moore, New York City, Charles G. Moerdler, New York City, of counsel), for Columbia Broadcasting System, Inc., Columbia Records, Inc., Blackwood Music, Inc., Master Records, Inc. and April Music, Inc.

Cahill, Gordon, Reindel & Ohl, New York City (John W. Nields, Alan Rasch, New York City, of counsel), for Radio Corporation of America and National Broadcasting Company, Inc.

Before WATERMAN, FRIENDLY and MARSHALL, Circuit Judges.

PER CURIAM.

Petitioner, Life Music, Inc., is plaintiff in an action in the Southern District of New York seeking treble damages for alleged violation of the antitrust laws on the part of defendants Broadcast Music, Inc. et al. It asks us to direct a writ of mandamus to Judge Edelstein, to whom the action had been assigned as a protracted case pursuant to Rule 2 of the General Rules of the District Court, requiring him to set aside an order purportedly made under F.R.Civ.Proc. 16, tentatively defining the issues. We deny the petition.

The order that petitioner wishes us to direct the judge to vacate was embodied in a memorandum containing 58 typewritten pages of text and 27 of appendices. The memorandum recited that, in the two years since the case had been assigned to Judge Edelstein, there had been 23 pre-trial conferences, recorded in 1100 pages of transcript, looking primarily to definition of the issues. In the course of these conferences the complaint was amended, and plaintiff and defendants made various submissions as to the issues. Efforts to reach a formal agreement having ultimately proved fruitless, the judge, after thorough consideration, adopted as a tentative definition a revised formulation submitted by defendants.

F.R.Civ.Proc. 16, entitled "Pre-Trial procedure; Formulating Issues", provides that the court may "direct the attorneys for the parties to appear before it for a conference to consider" various subjects, the first of which is "(1) The simplification of the issues." After listing four other specific subjects and "(6) Such other matters as may aid in the disposition of the action", the Rule says:

"The court shall make an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; and such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice."

█ Petitioner's initial position is that since its attorneys did not consent to the judge's formulation of issues, the order went beyond the power conferred by the Rule to limit "the issues for trial to those not disposed of by admissions or agreements of counsel", and that an act thus in excess of the judge's jurisdiction is properly correctable by us on mandamus. See Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943). Although Rule 16 could have been more felicitously phrased in this regard, we cannot believe it was meant to circumscribe the judge as narrowly as petitioner urges. The Rule clearly authorizes the judge to seek a simplification of the issues and requires the attorneys to make a good faith effort to aid him. It could hardly have been intended that if, as a result of all this, the judge finds that the parties are really in accord, he may not issue an order defining their "agreement" simply because one of them refuses a formal manifestation of assent. Although "agreement" usually connotes a voluntary undertaking of two or more parties, this is not its only meaning. We characterize readings on scientific instruments as in agreement, although the instruments have not said they were. A scholar may write that two of his fellows are in agreement, although each, cherishing some nuance of expression, loudly denies it. By the same token the judge may find that the parties are in "agreement" as to the issues, even though they challenge his formulation. Judge Edelstein's action here seems to have proceeded along just such lines; he found "that there is is a substantial identity in some portions of their respective proposals, although they hesitate to characterize it as an agreement," and that "The issues as defined here are drawn from the complaint and no genuine issue there pleaded has been omitted." We hold that the judge was not stripped of jurisdiction to limit the issues under Rule 16 by the lack of petitioner's formal assent. See Brinn v. Bull Insular Lines, Inc., 28 F.R.D. 578 (E.D.Pa.1961).

█ Whether the judge's formulation conformed to the tests he properly imposed on himself is another matter— judges can err in this respect as in others. But any such error would not be jurisdictional; the "authority to make determinations includes the power to make erroneous decisions as well as correct ones." Swift & Co. v. United States, 276 U.S. 311, 332, 48 S.Ct. 311, 317, 72 L.Ed. 587 (1928). To countenance applications for mandamus whenever a party disagrees with a judge's preliminary analysis of the pleadings and tentative definition of the issues would be wholly at war with the established Federal policy against interlocutory appeals, see Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 382-383, 74 S.Ct. 145, 98 L.Ed. 106 (1953); review at so early a stage is manifestly wasteful and inappropriate. Padovani v. Bruchhausen, 293 F.2d 546 (2 Cir. 1961), greatly relied on by petitioner, does not sanction any such course. Moreover, petitioner's original complaint that the order entirely deprived it of its claim under § 1 of the Sherman Anti-Trust Act seems to have been abandoned in its reply brief, necessarily so since one of the issues stated in the order was whether defendants "con-

spire[d] to restrain trade and commerce in * * * the business of licensing performance rights * * *." The argument now is that the order unduly limited petitioner's claim under § 1 by speaking only of conspiracy and not also of contracts and combinations in restraint of trade. A sufficient answer is that conspiracy was the term used by petitioner in its own proposed definition of the issues; as to this there clearly was "agreement". Petitioner's further criticisms of the order may not be properly considered by us at this time, although they will, of course, be open if review under 28 U.S.C. § 1291 is ultimately sought.

Petition denied.