UNITED STATES of America,
Plaintiff,

v.

INTERNATIONAL BUSINESS
MACHINES CORPORATION,
Defendant.

No. 69 Civ. 200 (DNE).

United States District Court,
S. D. New York.

June 5, 1975.

Raymond M. Carlson, Antitrust Div., Dept. of Justice, Washington, D. C., for plaintiff.

Thomas D. Barr, Cravath, Swaine & Moore, New York City, for defendant.

## MEMORANDUM

EDELSTEIN, Chief Judge:

By application dated April 28, 1975, defendant International Business Machines Corporation (hereinafter IBM) has asked this court for a rule 16 order stating the ready issues for trial in this action. Plaintiff, in response, urges the court to deny the request. For the reasons set forth below, the court is constrained to deny defendant's application.

Rule 16 provides as follows:

*Pre-Trial Procedure; Formulating Issues*

In any action, the court may in its discretion direct the attorneys for the parties to appear before it for a conference to consider

(1) The simplification of the issues;

(2) The necessity or desirability of amendments to the pleadings;

(3) The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof;

(4) The limitation of the number of expert witnesses;

(5) The advisability of a preliminary reference of issues to a master for findings to be used as evidence when the trial is to be by jury;

(6) Such other matters as may aid in the disposition of the action.

The court shall make an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; and such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice. The court in its discretion may establish by rule a pre-trial calendar on which actions may be placed for consideration as above provided and may either confine the calendar to jury actions or to non-jury actions or extend it to all actions.

■ Rule 16 does not mandate the court to define and narrow the issues unilaterally as IBM insists. Without question, the operation and utilization of Rule 16 is directed to the discretion of the court. The words "the court *may in its discretion* direct the attorneys . . . to appear before it for a conference to consider . . ." (emphasis supplied) simply do not lend themselves to any other reasonable interpretation. In this sense, the rule is consistent with the theory that, in large part, the ultimate parameters of pretrial practice are left to the sound exercise of the court's discretion.

■ As conclusively evidenced by the number of such conferences held in this case, this court firmly believes in the utility of pretrial conferences as a vehicle for the effective management and expedition of the protracted, or more appropriately stated, the protractable case. Although the matters suitable for discussion at such conferences are limited only by the diligence and imagination of the participants, *see* Fed.R.Civ.P. 16(6) which states that consideration at a conference may be given to "[s]uch other matters as may aid in the disposition of the action," the rule specifically "describes six subjects to which the court is *encouraged* to direct its attention. . . ." 6 C. Wright & A. Miller, Federal Practice and Procedure § 1525 at 585 (1971) (emphasis supplied). Pursuant to the suggestions contained in the rule, the court has directed extensive consideration of the items contained in paragraphs one through six. As a result, many concessions, stipulations and admissions have been obtained, all of which are matters of the public record. Moreover, the extensive efforts of the court and counsel, concentrated at the numerous and periodic conferences, permitted the coordination of a vast amount of potentially unmanageable discovery. What has been done in all these respects has been done mainly through a process of negotiation and consent; what has been accomplished has been accomplished in the interests of justice.[1]

■ Although the conferences have proved to be productive as can be readily perceived from the record, they have failed to produce an agreed statement and definition of the issues despite repeated urgings by the court. The court is sorry that the parties have failed to package neatly the issues in pristine form. That, of course, would be ideal and highly desirable, but the court is convinced that the failure to achieve the ultimate will not even remotely affect the efficient management of the trial of this action. That the invocation of Rule 16 is not a requirement of the federal rules but instead a discretionary decision of the court supports this conclusion. Indeed, although an agreed statement of the issues has not been obtained, it would be incorrect to conclude that the efforts expended in that regard have been unproductive. The exchange

1. See Pretrial Order No. 23 (filed May 22, 1975), USA v. IBM, 69 Civ. 200 (DNE) (S.D.N.Y.).

of statements of the issues between the parties, together with the extended party discovery here permitted, has added considerably to each side's knowledge of the other's understanding of this case. Thus, a primary purpose of the pretrial conference, and one typically associated with redefining and narrowing the issues, has been achieved; each party has been made very much aware of the case its adversary will attempt to present to the court and against which it will have to prepare. To that effect, courts have, when necessary, required the parties simply to list their respective contentions when it became apparent that efforts to narrow the issues would not be fruitful.

In any event, what defendant evidently fails to appreciate fully is that the issue simplification encouraged by Rule 16 is fundamentally a trilateral affair into which the parties and the court must sometimes factor competing considerations. If a court is to vary this equation at all and unilaterally define and narrow the issues, it should do so only under the most extraordinary circumstances, for when a court imposes its own view of the issues upon the case during the pretrial stages it runs the very serious risk of prejudicing one or both of the parties. Indeed, insofar as Rule 16 mandates that a pretrial order, when entered, supersedes the pleadings, the intervention of the court in effect makes the court the drafter of the pleadings in the case. It need not be said that a court should be loath to place itself in such a position except, perhaps, under the most exigent of conditions. The court has not been persuaded that such conditions exist in the case at bar.

Frequent reference has been made by defendant to this court's actions in Life Music, Inc. v. Broadcast Music, Inc., 31 F.R.D. 3 (S.D.N.Y.), petition for mandamus denied sub nom., Life Music, Inc. v. Edelstein, 309 F.2d 242 (2d Cir. 1962).

Initially, it should be observed that not only was *Life Music* one of the first, if not in fact the first case in which such action was taken despite the continued existence of Rule 16 since 1937, but the court has always candidly conceded that the publication of that opinion appears to have spawned fewer followers than critics.[2] But this aside, defendant's reliance on that case as a precedent to be followed in the case at bar is seriously misplaced.

As the court has endlessly repeated, the peculiarites of each individual case, including the degree of specificity of the pleadings, the nature of the action, the extent of discovery, the breadth of stipulations and admissions, the degree of consensus on the issues and, perhaps most importantly, the court's general familiarity with the case as it approaches trial, make references to earlier cases of questionable utility. This is particularly true with respect to *Life Music*. Without attempting to reflect upon each of the many distinctions between that case and the one at bar, it is enough to point out that the very disparity in the present case between plaintiff's and defendant's statements of the issues, which defendant refers to in an effort to persuade the court to impose its own view of the issues, precludes adopting *Life Music* as precedent. As Professor Moore has observed, indeed as any careful reader should observe, in stating the issues to be tried in *Life Music*, the court was able to seize upon a substantial "de facto" area of agreement between the parties and "to build upon whatever accord ha[d] been reached." *Life Music*, 31 F.R.D. at 8; 3 J. Moore, Federal Practice ¶ 16.11 at 1119 n. 5 (2d ed. 1967).

 Furthermore, that both *Life Music* and the case at bar appropriately may be called complex and protracted does not necessarily mean that both cases involve either extremely prolix and

2. 6 C. Wright & A. Miller, Federal Practice and Procedure § 1530 at 625 and cases cited therein (1971); The Role of the Court in Simplifying the Triable Issues at Pre-trial Conference, 72 Yale L.J. 383 (1962).

ambiguous pleadings or complex, unclear and interrelated issues. Cases may be called complex and protracted for a variety of reasons. Where the pleadings and the issues may be called ambiguous or complex, however, and that could be said in *Life Music*, a court may be precluded from relying upon alternatives to a restatement and narrowing of the issues such as marked pleadings for the ultimate statement of the issues.[3] Such a situation does not obtain in the case at bar. To the contrary, the pleadings in this case, which have been marked, appear succinct and direct, the issues straightforward. An examination of the extensive pretrial briefs submitted by the parties to this action strongly underscores the soundness of this observation.

In sum, the court is convinced that the case at bar, in its present posture, can be tried efficiently and fairly. Yet, the court will not forego further efforts to bring the issues into sharper focus. Thus, during the course of the trial the court will remain alert to every opportunity afforded by the emergence of this case further to negotiate and define a refinement of the issues.

---

3. See Rule 6 of the General Rules for the Southern and Eastern Districts of New York.