**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2646
_____

ROBERT LASSITER,

Appellant

v.

CITY OF PHILADELPHIA; THOMAS PRESS,
Managing Investigator of the City of Philadelphia
First Judicial District of Pennsylvania (FJDP) Warrant Unit;
POLICE OFFICER EDWARD OLEYN, Badge #2621;
POLICE OFFICER NICK COCO, Badge #4464

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 2-11-cv-03397)
District Judge:  Honorable Stewart Dalzell

_____

Submitted under Third Circuit LAR 34.1(a)
on March 7, 2013

Before: SCIRICA, JORDAN and ROTH, <u>Circuit Judges</u>

(Opinion filed May 15, 2013)

Alan E. Denenberg, Esq.
Abramson & Denenberg
1315 Walnut Street
12th Floor
Philadelphia, PA 19107,

           Counsel for Appellant


Eleanor N. Ewing
City of Philadelphia Law Department
1515 Arch Street, 17th Floor
Philadelphia, PA 19102,

           Counsel for Appellees

O P I N I O N

**ROTH**, <u>Circuit Judge</u>:

Robert Lassiter appeals the District Court's grant of defendants' motion for judgment on the pleadings under

Federal Rule of Civil Procedure 12(c). For the reasons that follow, we will affirm the order of the District Court.

## I. **Background**

On May 25, 2011, Lassiter filed a complaint alleging, *inter alia*, Fourth Amendment violations for excessive force and false arrest. The complaint stated that the incident giving rise to Lassiter's cause of action took place on May 22, 2009. On August 2, 2011, defendants filed an answer asserting six affirmative defenses. However, defendants did not raise the two-year statute of limitations as a defense.

The parties appeared before the District Court for a Rule 16 pretrial conference on September 20, 2011. During the conference, without being prompted by either party, the District Court observed that the statute of limitations appeared to have expired but that defendants failed to raise the issue in their answer. Defendants' counsel acknowledged that they had missed this issue. The District Court then suggested that defendants could amend their answer and, in a scheduling order, invited defendants to advise the court as to "how this matter should proceed."

After the pretrial conference, defendants sought leave to file an amended answer. On February 23, 2012, the District Court granted the motion over Lassiter's opposition. Defendants then filed a motion for judgment on the pleadings, seeking dismissal of the complaint due to the expiration of the statute of limitations. On May 29, 2012, the District Court granted defendants' motion for judgment on the pleadings and dismissed the complaint as time barred. Lassiter appealed.

## II. __Discussion__[1]

Lassiter raises three issues on appeal.  First, he argues that the District Court improperly raised the statute of limitations issue *sua sponte* at the Rule 16 conference.  His second claim of error is that, because the statute of limitations issue was raised improperly, the District Court erroneously granted defendants leave to file the amended answer.  Third, Lassiter posits that, given these two errors, the District Court should not have granted defendants' motion for judgment on the pleadings.  Because we hold that the District Court had the authority to raise the statute of limitations issue during the Rule 16 conference, we need not address Lassiter's second and third arguments.

Rule 16 of the Federal Rules of Civil Procedure contemplates that a trial court should assume an "active managerial role" in the litigation process to expedite the efficient disposition of a case.  *Phillips v. Allegheny Cnty.*, 869 F.2d 234, 239 (3d Cir. 1989).  At a Rule 16 conference, a district court "may consider and take appropriate action" on a broad variety of topics, including "formulating and simplifying the issues, and eliminating frivolous claims or defenses[.]"  Fed. R. Civ. P. 16(c)(2)(A).  Indeed, the notes to Rule 16(c) state that the rule was drafted to "clarify and

---

[1] Questions of law—including the scope of a district court's authority under the Federal Rules of Civil Procedure—are subject to plenary review.  *Pfizer Inc. v. Uprichard*, 422 F.3d 124, 129 (3d Cir. 2005).  The District Court had subject matter jurisdiction over this case under 28 U.S.C. § 1331 and 42 U.S.C. § 1983.  We have appellate jurisdiction under 28 U.S.C. § 1291.

4

confirm the court's power to *identify the litigable issues . . .* in the hope of promoting efficiency and conserving judicial resources by *identifying the real issues* prior to trial, thereby saving time and expense for everyone." Fed. R. Civ. P. 16 Advisory Comm. Notes to 1983 Amendment, Subdivision (c) (emphasis added) (citing *Meadow Gold Prods. Co v. Wright*, 278 F.2d 867 (D.C. Cir. 1960)).

Consistent with the text and the Advisory Committee Notes, we have interpreted Rule 16 as vesting a trial court with "wide discretion and power to advance causes and simplify procedure before presentation of cases to juries." *Buffington v. Wood*, 351 F.2d 292, 298 (3d Cir. 1965). Thus, Rule 16 authorizes a trial judge to "supervise the pretrial phase of litigation . . . [by] sifting the issues and reducing the delays and expense of trial so that a suit will go to trial only on questions as to which there is an honest dispute of fact or law." *Delta Theatres, Inc. v. Paramount Pictures, Inc.*, 398 F.2d 323, 324 (5th Cir. 1968) (citation and internal quotation marks omitted); *see also Brinn v. Bull Insular Lines, Inc.*, 28 F.R.D. 578, 579 (E.D. Pa. 1961) (affirming the district court's limitation of theories upon which the plaintiff could seek liability during a Rule 16 conference).

Here, the District Court acted within the scope of its authority by raising the statute of limitations issue—an important issue on which there was no dispute of fact or law—at an early stage (less than two months after the answer was filed) to prevent the needless waste of judicial resources. Because defendants could have amended the answer to include the statute of limitations defense and because the untimeliness of the complaint was obvious, it would have been pointless for the District Court to allow this case to

continue to occupy space on the docket.[2] The prompt identification and efficient resolution of simple issues like the one at bar today is precisely the reason why Rule 16 exists. Therefore, we conclude that the District Court did not err in raising the statute of limitations issue at the Rule 16 conference and in inviting the parties to brief the issue.

Lassiter relies heavily on two cases from other circuits for the proposition that a district court may not raise a statute of limitations defense *sua sponte*. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655-57 (4th Cir. 2006) ("[T]he district court should have refrained from raising and considering the statute of limitations defense *sua sponte*."); *Haskell v. Wash. Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988) ("Since it is a waivable defense, it ordinarily is error for a district court to raise the [statute of limitations] *sua sponte*."). These cases are inapposite. In both cases, the parties had engaged in protracted litigation before the trial judges raised the statute of limitations issue. *See Eriline*, 440 F.3d at 650-51 (eighteen months); *Haskell*, 894 F.2d at 1273 (three years).

---

[2] As noted by the District Court, defendants did not waive the statute of limitations defense at the time of the Rule 16 conference because the answer could still have been amended to include a statue of limitations defense. *See Charpentier v. Godsil*, 937 F.2d 859, 863-64 (3d Cir. 1991) (holding that failure to raise an affirmative defense in an answer does not automatically result in waiver, and that the defense may be asserted in an amended pleading, so long as the plaintiff suffers no prejudice); *see also Robinson v. Johnson*, 313 F.3d 128, 135 & n.3 (3d Cir. 2002) (noting that defendants should be afforded broad latitude to amend an answer to assert a statute of limitations defense).

Because of the length of time and extensive litigation in those cases, the courts determined that the statute of limitations defense had been waived under Rule 8(c); consequently, it was improper for the district courts to have raised the statute of limitations question *sua sponte*. *See Eriline*, 440 F.3d at 653-54; *Haskell*, 864 F.2d at 1273. Furthermore, in both cases, the district court not only raised the statute of limitations defense, it also issued a sua sponte ruling on it. *See Eriline*, 440 F.3d at 651 (*sua sponte* dismissal of "the Complaint in its entirety"); *Haskell*, 864 F.2d at 1272 (*sua sponte* grant of leave to file an amended answer). Here, although the District Court raised the statute of limitations problem during the Rule 16 conference, it acted only in response to appropriate motions by the defendant. In light of these distinctions, we find *Eriline* and *Haskell* to be unpersuasive.

Lassiter also argues that, in raising the statute of limitations issue *sua sponte*, the District Court upset the principle of parity and the purpose of the adversarial system by essentially acting as counsel for defendants. This concern is overblown. First of all, we question whether the District Court's act of calling attention to the statute of limitations can be properly characterized as raising that defense *sua sponte*, given that the Court then waited for defendants to raise it— and for Lassiter to respond to it—before ruling on the issue. In any event, our precedent suggests that a district court is well within its rights to independently raise a statute of limitations defense in such a manner. We have concluded that "a district court may *sua sponte* raise the issue of the deficiency of a complaint . . . so long as the plaintiff is accorded an opportunity to respond." *Travelers Indem. Co. v. Dammann & Co., Inc.*, 594 F.3d 238, 256 n.14 (3d Cir. 2010)

7

(discussing defenses to a dismissal under Rule 12(b)(6)) (citation and internal quotation marks omitted). For example, in a pretrial conference just three weeks before trial, we have approved of a district court *sua sponte* raising an affirmative defense that otherwise might have been waived. *Pediatrix Screening, Inc. v. Telechem Int'l, Inc.*, 602 F.3d 541, 544, 550 (3d Cir. 2010). We have also held that judges have the power to *sua sponte* raise equitable defenses like the doctrine of unclean hands. *Highmark, Inc. v. UPMC Health Plan, Inc.*, 276 F.3d 160, 174 (3d Cir. 2001). These cases confirm that it was plainly within the power of the District Court here to raise the statute of limitations defense on its own initiative during the first pretrial conference.

In sum, because the District Court has broad pretrial management authority under Rule 16 and because Lassiter was given the opportunity to respond to the issue presented, we reject Lassiter's contention that the District Court improperly raised its concern about the statute of limitations during the initial pretrial conference.[3]

## III. <u>Conclusion</u>

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[3] Because we hold that the District Court had the authority to raise the statute of limitations issue during the Rule 16 conference, Lassiter's subsidiary arguments that the District Court should not have granted leave to amend and that the District Court should not have considered the statute of limitations issue in defendants' Rule 12(c) motion necessarily fail.