**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3121
_____

JAMES LAQUAN GERMANY,
                                    Appellant

v.

POWER 105.1 RADIO; FOX 5 NEWS NY; FOX WORLD NEWS; ABC NEWS NY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-18-cv-13511)
District Judge:  Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 2, 2019
Before:  MCKEE, COWEN, and ROTH, Circuit Judges

(Opinion filed: October 29, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

James Laquan Germany (Appellant) appeals the District Court's sua sponte dismissal of his complaint. We will affirm the dismissal, although we do so for reasons different from those set forth by the District Court.

Appellant filed his complaint in the District Court against Power 105.1 Radio, Fox 5 News New York, Fox World News, and ABC News New York (collectively, Defendants) alleging invasion of privacy and use of his likeness without consent, among other things. Along with his complaint, Appellant filed an application to proceed *in forma pauperis* (IFP); however, he paid the filing fee to the clerk. The District Court, before the appearance of any Defendants, issued an order sua sponte dismissing Appellant's complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). The District Court noted that Appellant alleged Defendants "'monitored' him '24/7' without his consent, invaded his privacy, cast him in a 'fake light,' and used his image without his consent." Dkt. # 4. The District Court concluded that Appellant's "potential causes of action are unclear" and found the facts provided in his complaint were insufficient to support a claim for relief. Dkt. # 4. Appellant appealed.

We have appellate jurisdiction under 28 U.S.C. § 1291. "Questions of law—including the scope of a district court's authority under the Federal Rules of Civil Procedure—are subject to plenary review." Lassiter v. City of Philadelphia, 716 F.3d 53, 55 n.1 (3d Cir. 2013). We may affirm on alternative grounds, even on a ground that a district court may not have considered, as long as it finds support in the record. See Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

2

After review, for reasons set forth in the margin, we conclude that the District Court's sua sponte dismissal of Appellant's complaint was inappropriately based on Rule 12(b)(6).[1] Nevertheless, we conclude that dismissal was ultimately appropriate. See Hughes, 242 F.3d at 122 n.1. A federal court may sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Fed. R. of Civ. P. 12(b)(1) when the allegations within the complaint "are so attenuated and unsubstantial as to be absolutely devoid of merit." Hagans v. Lavine, 415 U.S. 528, 536–37 (1974) (internal citations and quotation marks omitted). Appellant's claim of 24/7 monitoring by news organizations, "by means unknown," for the past thirteen years—apparently aimed at him for no reason—is a fantastic scenario lacking any arguable factual basis, and one which Appellant points to no credible evidence to support. See id. Moreover, this allegation serves as the cornerstone for Appellant's other claims, including regular public ridicule, invasion of privacy, and exposure to the public's "comments and thoughts." While we recognize the "substantiality" doctrine has been criticized as "more ancient than

---

[1] A court may sua sponte dismiss a complaint under Fed. R. Civ. P. 12(b)(6) after service of process. Grayson v. Mayview State Hosp., 293 F.3d 103, 111 n.15 (3d Cir. 2002). However, here, it does not appear Appellant was given an opportunity to respond to the complaint's deficiencies; rather, the District Court issued an unqualified order of dismissal with no opportunity to amend. See Phillips v. Cty. of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008) (suggesting that district courts, absent a futility finding, should expressly allow a curative amendment). Moreover, Appellant paid the filing fee below—as he has for the appeal here—and the District Court made no ruling on Appellant's IFP status. Accordingly, the District Court could not dismiss his complaint under the screening provisions of 28 U.S.C. § 1915. See 28 U.S.C. § 1915(e)(2)(B)(i) (granting a court authority to dismiss a case sua sponte if it is "frivolous or malicious"). Thus, to the extent the dismissal was based on either method, it was done so in error.

3

analytically sound," it remains the federal rule.  See id. at 538; see also, e.g., Roman v.

Jeffes, 904 F.2d 192, 196 n.5 (3d Cir. 1990).

For the foregoing reasons, we will modify the District Court's judgment to make

the dismissal pursuant to Fed. R. Civ. P. 12(b)(1) rather than pursuant to Fed. R. Civ. P.

12(b)(6).  We will affirm the District Court's judgment as modified.[2]

---

[2] We deny Appellant's motion to expedite, as he has offered no reason to warrant
expedition.  See 3d Cir. L.A.R. 4.1 (noting that to prevail on a motion to expedite, the
movant must put forth an "*exceptional* reason that warrants expedition" (emphasis
added)).