**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1783
_____

ROLAND C. ANDERSON,
                                        Appellant

v.

LOCAL 435 UNION;
GENERAL MOTORS LLC

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-12-cv-01119)
District Judge:  Honorable Leonard P. Stark

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 5, 2019
Before:  GREENAWAY, Jr., RESTREPO, and FUENTES, Circuit Judges

(Opinion filed: November 15, 2019)
_____

OPINION[*]
_____

PER CURIAM

    Roland Anderson brings an appeal to challenge orders of the United States District

Court for the District of Delaware in his action against United Auto Workers Local 435

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

("Local 435" or "the Union") and General Motors, LLC ("GM"). Dkt. #27. We will affirm the District Court's orders.

I.

Anderson worked for GM from August 31, 1981, to September 21, 1981, when he was laid off. He was rehired on June 25, 1982, and was again laid off on October 1, 1982. Anderson's pro se complaint against GM and Local 435 (his former union) alleged violations of employment discrimination laws, labor laws, tort law, and the terms of an employee insurance policy.[1] As relief, he sought back pay, restoration of benefits, and damages for pain and suffering. As best we can understand it, Anderson's complaint appears to allege that he first learned in January 2011 that in 1982 GM had submitted (presumably to an insurance carrier) a workers' compensation claim concerning a work injury that Anderson incurred to his left shoulder. He argues that he should have been discharged on workers' compensation instead of having been laid off. He also alleges that the Union and GM knew this information and conspired together to conceal it from him. He also appears to allege that he first learned in 2011 that GM had "terminated" him from employment.

---

[1] Most of Anderson's allegations are phrased as being against "GM/Union." We are only able to discern one allegation against the Union separate from GM: "Union allowed General Motors to not report these problems [apparently a reference to Anderson's problems in getting insurance coverage for his shoulder injury] to the Delaware Workman's Compensation Department within fifteen days as required." Dkt. #1 at 15.

Both GM and Local 435 were properly served with the complaint, eventually.[2]

But only GM responded to the complaint; Local 435 did not answer or otherwise appear. GM then filed a motion to dismiss, arguing that Anderson's claims were untimely and barred by res judicata, and that, to the extent Anderson was attempting to recover under state law, his claims failed as a matter of law. The District Court granted the motion and dismissed the complaint on September 30, 2014, on the basis that "[Anderson]'s claims are barred by *res judicata* due to prior litigation between the parties, that his claims for compensation for his workplace injury are also barred by Delaware Workers' Compensation Law, and that his claim for recovery under the insurance policy is preempted by ERISA." Dkt. #27 at 2.

Anderson subsequently filed various motions in the District Court including, as relevant here, a motion for default judgment against Local 435. The District Court denied that motion without prejudice, "[b]ecause Rule 55 [of the Federal Rules of Civil Procedure] sets out a two step process for entry of a default judgment, and because the first step of that process (entry of default) ha[d] yet to occur." Dkt. #42 at 2-3. But the Court also "direct[ed] the Clerk of Court to enter Local 435's default pursuant to Fed. R. Civ. P. 55(a)." Anderson then filed a "Motion to Execute Judgment and Affidavit R. 55 and following order from the (Honorable Judge Stark) of a default pursuant to Fed. R. Civ. P. 55(a)," see Dkt. #50, and later refiled the same motion, see Dkt. #53. The District

---

[2] Anderson initially served his complaint on an attorney who had represented a GM entity in a previous lawsuit, but who was not at the time authorized to receive service of process on behalf of GM. Dkt. #7. However, Anderson later served the proper party. See Docket notation dated October 10, 2013.

3

Court construed the motions as motions for default judgment and denied them on March 24, 2017, reasoning that default judgment was not appropriate since the complaint failed to state a claim upon which relief could be granted.  See Dkt. #56.  The District Court further stated that the claims against Local 435 were dismissed "without prejudice."  See Dkt. #57.  Anderson took a timely appeal from that order.[3]

II.

We have jurisdiction under 28 U.S.C. § 1291.[4]  Our review extends not only to the order immediately preceding Anderson's notice of appeal; i.e., the order entered on March 24, 2017,[5] but also to the earlier order of September 30, 2014, which the District Court expressly referred to and relied on in dismissing GM from the suit, as well as the related order of September 17, 2013, to which GM refers in its brief here.  See Sulima v. Tobyhanna Army Depot, 602 F.3d 177, 184 (3d Cir. 2010); see also Fed. R. App. P. 3(c)(1)(B).

We turn first to the District Court's September 17, 2013 order.  To the extent Anderson argues on appeal that the District Court should have then entered a default

---

[3] Anderson also filed a motion for reconsideration in the District Court, which was denied on November 21, 2017.  Anderson did not appeal from that decision, so we may not review it.  See Fed. R. App. 4(a)(4)(B)(ii).

[4] Although "[g]enerally, an order which dismisses a complaint without prejudice is neither final nor appealable," Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam), we have jurisdiction over this appeal because Anderson has indicated his intention to stand on his complaint, see id. at 951-52; see also Frederico v. Home Depot, 507 F.3d 188, 192-93 (3d Cir. 2007).

[5] Anderson's notice of appeal states that he is appealing an order entered on *February* 24, 2017, but that appears to be an error, as no order was entered on that date.

judgment against GM, we conclude that the District Court did not abuse its discretion in denying a default judgment, as the record is bereft of any evidence that the attorney that Anderson initially served was "an officer, a managing or general agent, or an[ ] . . . agent authorized . . . to receive service of process." See Fed. R. Civ. P. 4(h)(1)(B); see also Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (noting that refusal to enter default judgment is reviewed for abuse of discretion).

We turn next to the September 30, 2014 order, dismissing Anderson's claims against GM. We conclude that the District Court properly dismissed Anderson's claims against GM on the basis of res judicata.[6] See Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011) (explaining that we may affirm a district court decision for any reason supported by the record). Res judicata, also known as claim preclusion, applies when there is "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Duhaney v. Att'y Gen., 621 F.3d 340, 347 (3d Cir. 2010) (quoting In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008)). This doctrine "bars not only claims that were brought in a previous

---

[6] The District Court order referenced the four cases that Anderson had previously brought against GM (some of which were also brought against the Union). See Anderson v. Gen. Motors Corp., 548 F. Supp. 2d 123, 127 (D. Del. 2008) (granting summary judgment to GM on Anderson's Title VII discrimination and retaliation claims, based on his allegation that GM failed to rehire him in 2005), aff'd, 2009 WL 237247 (3d Cir. 2009) (per curiam); Anderson v. Gen. Motors Corp., 2004 WL 725208, at *3-6 (D. Del. Mar. 29, 2004) (dismissing employment discrimination claims against GM and Local 435); Anderson v. GM Local 435, C.A. No. 98-45-JJF D.I. 1 (D. Del. 1998); Anderson v. Gen. Motors, 817 F. Supp. 467, 469 (D. Del. 1993) (granting summary judgment to GM on Title VII claim and a claim of a breach of collective bargaining agreement), aff'd sub nom. Anderson v. Am. Fed'n of State, Cty. & Mun. Emps., 8 F.3d 810 (3d Cir. 1993).

action, but also claims that could have been brought." Id. (quoting Mullarkey, 536 F.3d at 225).

To the extent that Anderson's complaint can be read as arguing, in general, that GM discriminated against him in the early 1980s (and that the Union failed to inform him of that discrimination), we agree that his claim is barred because it was previously litigated. See Anderson, 2004 WL 725208, at *1, *4-5. And we agree that his related discrimination claims, and his claim that he should have been discharged on workers' compensation, are barred because those claims could have been brought in an earlier lawsuit. Duhaney, 621 F.3d at 347.

To the extent that Anderson alleges that he was not aware that he had a potential workers' compensation claim until 2011, that allegation is belied by the attachments to Anderson's complaint. See Levins v. Healthcare Revenue Recovery Grp. LLC, 902 F.3d 274, 279 (3d Cir. 2018) (providing that an appeals court may consider "exhibits attached to the complaint[,] and matters of public record when evaluating whether dismissal under Rule 12(b)(6) was proper" (internal quotation marks omitted)). For example, Anderson attached what appears to be a doctor's report, dated October 24, 2001, noting that Anderson was complaining of shoulder pain, that the doctor "initially saw him for this problem in October 1999," and that a prior office note "does correlate his right shoulder pain to his work at General Motors." Complaint, Dkt. #1 at 16. Thus, it appears that

Anderson was aware of a potential claim at least ten to twelve years before he filed the current complaint.[7]

Because Anderson's claims against GM either were litigated or could have been litigated in an earlier action, the District Court properly granted GM's motion to dismiss.

We next consider the March 24, 2017 order, which denied Anderson's motions to execute judgment (construed as motions for default judgment) and dismissed Anderson's claims against Local 435 without prejudice.[8]  "[A] district court may *sua sponte* raise the issue of the deficiency of a complaint . . .  so long as the plaintiff is accorded an opportunity to respond."  Lassiter v. City of Philadelphia, 716 F.3d 53, 57 (3d Cir. 2013) (internal quotation marks omitted).  While the District Court did not give Anderson a separate opportunity to defend the sufficiency of his claims against Local 435, Anderson had the opportunity to defend the sufficiency of those identical claims in response to GM's motion to dismiss.  Cf. Couden v. Duffy, 446 F.3d 483, 500 (3d Cir. 2006)

---

[7] It seems that Anderson also may be misinterpreting a document that he alleges he received from GM.  That document lists "All Disability documents relevant to the denial of benefits."  Dkt. #1 at 33.  The fifth item on the list states:  "'What you should know about your benefits'" Supplement Agreement between GM and the UAW dated September 14, 1979."  A following "Note" states, "September 14, 1979 Supplement Agreement *was sent* as your Date of Injury First Date of Disability (1982) *falls in that Agreement*."  Id.  (emphases added).  Although it is not entirely clear, it seems that Anderson is interpreting the "Note" as stating that a Workers' Compensation claim "was sent" on his behalf, presumably to an insurance company, and that GM is acknowledging that he has a legitimate claim covered by an agreement.  But it is clear from the context that the Note explains only why a particular version of the agreement between GM and the UAW "was sent" *to Anderson*.  Id.

[8] The order also denied Anderson's motion to correct the case caption.  It does not appear that Anderson contests that part of the order, and we discern no error in that decision, in any event.

7

(holding that sua sponte grant of summary judgment to certain non-moving defendants was allowable where plaintiffs had responded to summary judgment motions involving identical issues).

As noted above, the complaint's only *separate* claim against the Union is that the "Union allowed General Motors to not report these problems [apparently a reference to Anderson's problems in getting insurance coverage for his shoulder injury] to the Delaware Workman's Compensation Department within fifteen days as required." Dkt. #1 at 15. We cannot discern any basis for a federal claim in that statement, and Anderson has not explained why such a claim would be proper in federal court. We thus have no reason to disagree with the District Court's conclusion that Anderson's complaint failed to state a claim against Local 435 upon which relief could be granted. Cf. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.").

Of course, at the time the District Court dismissed Anderson's claims against the Union, the Clerk had already entered a default against the Union. But under Rule 55(c) of the Federal Rules of Civil Procedure, "[t]he court may set aside an entry of default for good cause," and the District Court identified a basis for determining that "entry of default judgment [was] not appropriate," namely, the complaint's insufficiency. Dkt. #56. We determine that, under the circumstances, the District Court did not abuse its discretion in denying Anderson's motion. Cf. Chamberlain, 210 F.3d at 164 (explaining the factors to consider in determining whether a default judgment is warranted).

8

For the foregoing reasons, we will affirm the District Court's judgment.[9]

---

[9] Anderson's motion to file a supplemental appendix is granted. Anderson's motions for default judgment and summary judgment are denied. Anderson cites Rule 55 of the Federal Rules of Civil Procedure, but the Federal Rules of Civil Procedure govern proceedings in the district courts, not the courts of appeals. See Fed. R. Civ. P. 1. The only consequence of the Union failing to enter an appearance in our Court is that it is "not [] entitled to receive notices or copies of briefs and appendices" filed in the appeal. See 3d Cir. L.A.R. 46.2.