NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1495
_____

ALLEN L. FEINGOLD,
                                        Appellant

v.

BRADLEY & KENNY BROOKS; BRADLEY & DOYLE BROOKS;
DANIEL DOYLE; ALLSTATE INSURANCE COMPANY,
AKA ALLSTATE; MICHAEL RAITH

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-19-cv-00291)
District Judge: Honorable Petrese B. Tucker
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on November 13, 2019

Before: JORDAN, SCIRICA, and RENDELL, *Circuit Judges*

(Filed: January 24, 2020)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**SCIRICA**, *Circuit Judge*

Allen L. Feingold appeals the trial court's decision to sua sponte dismiss his complaint as time-barred. In 2019, Feingold, a disbarred attorney, filed a bad faith claim against an insurance company, its lawyer, and an arbitrator (collectively, the "underlying defendants"), which was assigned to him by a former client, Kristina Edwards. **J.A. A-2**. The factual underpinning of this claim stems from conduct by the underlying defendants in failing to "fully or properly comply with the law, case law[,] or the Allstate Insurance Policy" during litigation of Edwards's claim sometime between 2000 and 2011, when it was dismissed for failure to prosecute. Joint Appendix B-5 ¶ 28; J.A. A-2–4. Upon receiving Feingold's complaint, the trial court granted Feingold's petition to proceed *in forma pauperis* under 28 U.S.C. § 1915 and sua sponte dismissed the matter as time-barred.

Feingold appealed and raises two issues for our consideration: (1) whether a trial court, acting under the mandates of 28 U.S.C. § 1915, may sua sponte dismiss a claim as time-barred and (2) whether the trial court correctly dismissed Feingold's claim. We find the trial court had the authority to sua sponte dismiss the matter and was correct in doing so. We will affirm.[1]

---

[1] The trial court possessed jurisdiction over the matter under 28 U.S.C. § 1332, as there was complete diversity between the parties and the amount in controversy exceeded $75,000. We possess jurisdiction to hear this appeal under 28 U.S.C. § 1291, as the trial court dismissed Mr. Feingold's case with prejudice. We review the trial court's decision de novo. *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010) (stating that the standard of review for a 28 U.S.C. § 1915(e)(2) dismissal is plenary) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

We must first determine whether a trial court may sue sponte dismiss a time-barred claim under the screening process mandated by 28 U.S.C. § 1915 for litigants proceeding *in forma pauperis*. In *Jones v. Bock*, the Supreme Court considered whether amendments to 28 U.S.C. § 1915 by the Prisoner Litigation Reform Act ("PLRA") altered the pleading standards of the Federal Rules of Civil Procedure. 549 U.S. 199, 211 (2007). In deciding the PLRA did not alter the pleading rules—and did not require a plaintiff to show exhaustion in his or her complaint—the Court stated screening for failure to state a claim could include considering the merits of an affirmative defense—even if waivable—as long as it was apparent on the face of the complaint:

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. *If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim*; that does not make the statute of limitations any less an affirmative defense, see Fed. Rule Civ. Proc. 8(c).

*Id.* at 214–15 (emphasis added). Notably, this was not premised upon the right of an individual proceeding *in forma pauperis* to comment upon the issue, as Feingold here argues.[2] Accordingly, the trial court did not err when it sua sponte considered whether Feingold's case was time-barred.

Because it is permissible for a trial court to dismiss a claim as time-barred upon a sua sponte screening under § 1915, we need now only consider whether the trial court

---

[2] Feingold's citations to *Lassiter v. City of Philadelphia*, 716 F.3d 53 (3d Cir. 2013) and *Travelers Indemnity Co. v. Dammann & Co., Inc.*, 594 F.3d 238 (3d Cir. 2010) are inapposite. These cases do not involve § 1915, which requires a trial court to conduct a sua sponte screening of a complaint before it is served upon the defendants and thus do not address the issue currently before us.

correctly dismissed the claim. The Pennsylvania statute of limitations for a bad faith claim is two years. 42 Pa. Cons. Stat. § 8371; *Ash v. Cont'l Ins. Co.*, 932 A.2d 877, 885 (Pa. 2007). The actionable conduct alleged to have caused the injuries here occurred, at the latest, in 2011 when the original matter was dismissed for failure to prosecute. **J.A. B-5 ¶¶ 22-29**; *Edwards v. Guinta*, No. 3084, 2011 Phila. Ct. Com. Pl. LEXIS 302 (Pa. Ct. Com. Pl. Oct. 17, 2011) (denying Edwards's petition to open case after failed arbitration). *See Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 224–25 (3d Cir. 2005) ("In general, the statute of limitations begins to run when a right to institute . . . suit arises."). Because Feingold did not file this action until 2019, it was not filed within the limitations period.

Feingold presents two arguments as to why the trial court was incorrect: (1) the actionable conduct was not discovered until a period sometime within the limitations period, or (2) there exists a continuing breach of the underlying defendants' obligations placing this action within the statute of limitations. But Feingold's complaint centers on litigation conduct that he or his former client witnessed. **J.A. B-5 ¶¶ 22-29**. He knew, or should have known, of this conduct at the time it occurred. The trial court correctly determined the discovery rule would not toll the statute of limitations here. *See Fine v. Checcio*, 870 A.2d 850, 858–59 (Pa. 2005) ("Where, however, reasonable minds would not differ in finding that a party knew or should have known on the exercise of reasonable diligence of his injury and its cause, the court determines that the discovery rule does not apply as a matter of law."). As to a continuing breach, in Pennsylvania, the statute of limitations runs when the *first* denial occurs, but *continuing* or *subsequent*

denials do not newly trigger the statute of limitations. *See Sikirica*, 416 F.3d at 225 (citing *Adamski v. Allstate Ins. Co.*, 738 A.2d 1033, 1037–38, 1042 (Pa. Super. Ct. 1999)). Feingold's complaint of a continued denial therefore does not allow him to sue now for conduct that originally occurred in 2011.

We will affirm the trial court's dismissal of Feingold's bad faith claim.